UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHEAIL WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:24-cv-01410-JEH |
| | ) |
| | ) |
| DR. ALFORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff Micheail Ward, proceeding *pro se*, is an inmate with the Illinois Department of Corrections (IDOC) who is currently being housed at the IDOC's Pontiac Correctional Center (Pontiac). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

Because he is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that, on November 15, 2023, he injured his leg while playing basketball at the gymnasium at Pontiac. Plaintiff asserts that a correctional officer called for medical attention, but Nurse Tracy and Nurse Charity would not enter the gymnasium due to the number of other inmates present. Therefore, two inmates assisted Plaintiff exit the gymnasium where a medical cart was waiting. The nurses, then, transported Plaintiff to the Health Care Unit.

Once at the Health Care Unit, Dr. Alford and Nurse Jade Sulivan-Kulkin examined Plaintiff. Dr. Alford ordered that Plaintiff receive an X ray of his leg, which revealed that Plaintiff had torn his Achilles tendon. Dr. Alford informed Plaintiff that he may need to go to a local hospital in order to have his tendon surgically repaired. Upon hearing Dr. Alford's statement, Nurse Sulivan-Kulkin informed Plaintiff that he would need to be bleeding excessively or not be able to breath in order be transported on an emergency basis to the local hospital. Nurse Sulivan-Kulkin told Plaintiff that he would need to wait for a regularly scheduled appointment to be seen outside of Pontiac. Plaintiff complained that he might not obtain proper medical attention for his torn tendon for a year if Dr. Alford did not intervene, but Dr. Alford advised Plaintiff that he was required to follow policy and protocol. Thereafter, Plaintiff returned to his cell.

Plaintiff further alleges that Nikki Rambo and Ginger Davis knew that he needed to be seen by a specialist outside of Pontiac, but both refused to make the referral even though it was within their power to do so. Similarly, Plaintiff alleges that he spoke with Warden Joyner who advised Plaintiff that he (Warden Joyner) would ensure that he received proper medical care, but Warden Joyner took no action after knowing that Plaintiff was not receiving proper medical care for his torn tendon.

2

As a result, Plaintiff avers that he was not seen by proper medical personnel for seven months. Plaintiff further contends that he experienced pain and suffering due to this delay and the lack of proper medical attention.

Plaintiff's Complaint states a claim against Defendants Dr. Alford, Nurse Sulivan-Kulkin, Nikki Rambo, Ginger Davis, and Warden Joyner for acting with deliberate indifference towards his serious medical need in violation of his Eighth Amendment rights. Plaintiff's Complaint does not state a claim upon which relief can be granted against the other named Defendants.

As for his claim against Nurse Tracy, Plaintiff does not allege that she refused to enter the gymnasium in order to inflict pain and suffering upon him. Rather, Plaintiff acknowledges that Nurse Tracy would not enter the gymnasium due to safety protocols or concerns. Regardless, Plaintiff's short transport from inside the gymnasium to the hallway, at least based upon his allegations, does not rise the level of a Constitutional violation. *E.g.*, *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021)(internal quotation omitted)("Not every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim . . . .").

As for his claim against Defendant Jessica Pocock, simply rescheduling his appointment with a specialist outside of Pontiac did not violate his Constitutional rights. Plaintiff does not allege why Defendant Pocock rescheduled his appointments, and a host of reasons could exist for the change that would not have violated his Constitutional rights.

As for his claims against Dr. Nicholas Brissey and Dr. Brian, Plaintiff has not alleged any facts with which to demonstrate that either doctor was a state actor for purposes of this § 1983 case. Under 42 U.S.C. § 1983, a plaintiff may sue a defendant for violating his Constitutional rights if he alleges (and, ultimately, proves) that the defendant deprived him of a right secured by the Constitution or the laws of the United States. *D.S. v. East Porter County Sch. Corp.*, 799 F.3d 793,

3

798 (7th Cir. 2015)(citing *Buchanan–Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009)). The plaintiff must also allege (and, ultimately, prove) that, when the defendant deprived him of this right, the defendant was acting under the color of state law. *Id*. Section 1983 allows a plaintiff to sue individuals "acting under the color of state law" because the statute is intended to "deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)(quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

     Here, Plaintiff has not alleged that either doctor was acting under color of state law when they provided or failed to provide medical treatment to him. Given the fact that they do not appear to be IDOC employees, Plaintiff has not alleged sufficient facts to allow him to proceed on any claim against either Dr. Nicholas Brissey or Dr. Brian.

     As for his claim against the IDOC, the IDOC is not a proper party to this lawsuit because the IDOC is immune from suits filed under § 1983. As a state government agency, the IDOC is generally immune from suits brought under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)(holding that the Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Dep't of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995)(holding that the state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Accordingly, the IDOC is not a proper party to Plaintiff's § 1983 claim and must be dismissed because the IDOC is immune from this lawsuit.

As for his claim against Wexford, Plaintiff alleges little more than that Wexford maintained a policy that violated his Constitutional rights. Plaintiff does not explain the purpose of this policy, why it was enacted, etc. Without more, Plaintiff's Complaint fails to state a claim against Wexford. *E.g., Springs v. Schwarz*, 2017 WL 4130504, at *4 (N.D. Ill. Sept. 19, 2017)(dismissing *Monell* claim that was "speculative, unsupported by any factual allegations, and contain[ed] no facts regarding other inmates' experiences"); *Young v. Obaisi*, 2015 WL 8013437, * 3 (N.D. Ill. Dec. 7, 2015)(dismissing *Monell* claim based on plaintiff's "highly speculative and extremely vague allegation against Wexford" regarding care only plaintiff received); *Arita v. Wexford Health Sources, Inc.*, 2016 WL 6432578, * 3 (N.D. Ill. Oct. 31, 2016)(dismissing plaintiff's "factually unsupported, boilerplate allegation" regarding a general policy of ignoring inmates' requests for medical attention).

Finally, the body of Plaintiff's Complaint contains no allegations against Warden Nurse, and therefore, the Complaint fails to state a claim upon which relief can be granted against her. And, Plaintiff only alleges that Defendant Nurse Sarah refused to provide medical attention to him, but he does not allege when, in what context, etc. Therefore, the Complaint also fails to state a claim against Nurse Sarah.

**IT IS, THEREFORE, ORDERED:**

1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants Dr. Alford, Nurse Sulivan-Kulkin, Nikki Rambo, Ginger Davis, and Warden Joyner for acting with deliberate indifference towards his serious medical need in violation of his Eighth Amendment rights. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of the Court is directed to attempt service of process upon Defendants Dr. Alford, Nurse Sulivan-Kulkin, Nikki Rambo, Ginger Davis, and Warden Joyner pursuant to the Court's standard procedures.

3. The Clerk of the Court is further directed to dismiss all other named Defendants because Plaintiff's Complaint fails to state a claim against them upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing waivers of service to Defendants. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk of the Court said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Clerk of the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

*It is so ordered.*

Entered: December 9, 2024

<u>s/Jonathan E. Hawley</u>
U.S. District Judge