IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAIL WARD, | |
| Plaintiff, | |
| vs. | Case No. 24-cv-1410 |
| DR. ALFORD, et al. | |
| Defendants. | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Now comes Defendant, DR. RODNEY ALFORD, by his attorneys, QUINN JOHNSTON, and for his Response to Plaintiff's Motion to Amend Complaint, states as follows:

**BACKGROUND**

In Plaintiff's original Complaint, he alleged he injured his Achilles tendon at Pontiac Correctional Center ("PCC") on November 13, 2023, but Dr. Alford, pursuant to PCC policies and protocols, refused to send him to the hospital for surgical treatment for an extended period of time, resulting in in damage to his lower extremity. Doc. 1 at 9-10. Plaintiff also alleged Wexford Health Sources maintained a policy of waiting to see if injuries such as Plaintiff's would resolve on their own before referring inmates to outside specialists, resulting in treatment delays and prolonged pain and suffering. Doc. 1 at 11.

In this Court's Merit Review Order, the Court found Plaintiff stated a claim for relief against five of the Defendants named in his Complaint:

> Plaintiff's Complaint states a claim against Defendants Dr. Alford, Nurse Sulivan-Kulkin, Nikki Rambo, Ginger Davis, and Warden Joyner for acting with deliberate indifference towards his serious medical need in violation of his Eighth Amendment rights. Plaintiff's Complaint does not state a claim upon which relief can be granted against the other named Defendants.

Doc. 7 at 3. The Court also found Plaintiff failed to state a claim against Wexford Health Sources:

> As for his claim against Wexford, Plaintiff alleges little more than that Wexford maintained a policy that violated his Constitutional rights. Plaintiff does not explain the purpose of this policy, why it was enacted, etc. Without more, Plaintiff's Complaint fails to state a claim against Wexford. *E.g., Springs v. Schwarz*, 2017 WL 4130504, at *4 (N.D. Ill. Sept. 19, 2017)(dismissing *Monell* claim that was "speculative, unsupported by any factual allegations, and contain[ed] no facts regarding other inmates' experiences"); *Young v. Obaisi*, 2015 WL 8013437, * 3 (N.D. Ill. Dec. 7, 2015)(dismissing *Monell* claim based on plaintiff's "highly speculative and extremely vague allegation against Wexford" regarding care only plaintiff received); *Arita v. Wexford Health Sources, Inc.*, 2016 WL 6432578, * 3 (N.D. Ill. Oct. 31, 2016)(dismissing plaintiff's "factually unsupported, boilerplate allegation" regarding a general policy of ignoring inmates' requests for medical attention).

Doc. 7 at 5.

On April 18, 2025, Plaintiff, through counsel, filed a Motion to Amend his Complaint, together with his proposed First Amended Complaint ("FAC"). Doc. 26, 26-1. In Plaintiff's proposed FAC, he again names Wexford as a Defendant. Plaintiff alleges upon information and belief that Wexford "has a practice and custom of ignoring prisoners' serious medical issues and not referring prisoners to specialists for timely consultations and treatment in the interest of cost-cutting, a practice that endorses medical facility conditions that infringe on constitutional rights." Doc. 26-1 at 3. In Count VI of Plaintiff's proposed FAC, Plaintiff attempts to bring a "*respondeat superior*"

2

claim against Wexford, alleging it "maintained policies, procedures, customs and practices at Pontiac Correctional Center whereby inmates with serious medical conditions were routinely denied access or significantly delayed access to adequate medical care." Doc. 26-1 at 10-11. He further alleges Wexford's policies "inflicted unnecessary suffering on Plaintiff by allowing its medical personnel to fail to treat Plaintiff's serious medical needs." Doc. 26-1 at 11. Plaintiff's proposed FAC contains numerous additional allegations similar to the above, each of which relate solely to Plaintiff's injury and alleged delay in receiving treatment. *Id.*

## ARGUMENT

For the reasons explained below, this Court should deny Plaintiff's Motion for Leave to Amend his Complaint because the proposed amendment seeks to rejoin Wexford as a Defendant in this case, yet the allegations in Plaintiff's proposed FAC fail to cure the pleading deficiencies this Court identified when it dismissed Wexford at merit review.

A private company may be held liable under § 1983 for deliberate indifference pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). The policy or practice "must be the direct cause or moving force behind the constitutional

3

violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (cleaned up).

To allege *Monell* claims, some facts must be pleaded to put the defendant on notice of the alleged wrongdoing. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Allegations that are vague, broad, and lacking sufficient detail to put the defendant on notice are insufficient to support a *Monell* claim. *See Mikolon v. City of Chicago*, No. 14 C 1852, 2014 WL 7005257, at *4–5 (N.D. Ill. Dec. 11, 2014) (dismissing *Monell* claims that contained "only boilerplate conclusions, not well-pleaded facts," noting that the claim "approaches too closely a claim that seeks to hold the City responsible for all official actions of its employees"). Likewise, speculative allegations regarding a policy or practice are also insufficient. *See Young v. Obaisi*, 15-cv-2412, 2015 WL 8013437, at *3 (N.D. Ill. Dec. 7, 2015) (dismissing as insufficient plaintiff's highly speculative and extremely vague claim that employees' alleged conduct "rais[ed] a question of a policy or custom of deliberate disregard for medical care"); *see also Peacock v. Rigsby*, 15 C 1884, 2016 WL 1383232, at *3 (N.D. Ill. Apr. 7, 2016) (finding that a lack of factual allegations plausibly establishing that a cost-cutting policy exists or that such a policy could have caused the injury, is insufficient to state a claim under *Monell*).

A plaintiff pursuing a widespread policy or practice claim under *Monell* generally must allege more than one or even three instances of misconduct. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (declining to adopt a "bright-line rule[ ]" but indicating that there must be "more than one instance, or even three" of wrongdoing). An official policy or custom is not a "random event." *See Grieveson v.*

4

*Anderson*, 538 F.3d 763, 774 (7th Cir. 2008). Therefore, although it is "not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to his experience," it is "necessarily more difficult" to do so. *Id.* (holding that evidence of four incidents that plaintiff alone experienced failed to meet the test of a widespread unconstitutional practice by the jail). Allegations of a policy or practice that are unsupported by any facts regarding other inmates' experiences and that do not "shed any light" on what the alleged policy might be are insufficient to state a *Monell* claim. *See Arita v. Wexford Health Sources, Inc.*, No. 15-cv-01173, 2016 WL 6432578, at *3 (N.D. Ill. Oct. 31, 2016) (dismissing plaintiff's "factually unsupported, boilerplate allegation" regarding a general policy of ignoring inmates' requests for medical attention).

The first issue with Plaintiff's proposed FAC is that it labels the claim against Wexford, Count IV, as one sounding in *respondeat superior* liability. Doc. 26-1 at 10. However, the Seventh Circuit has repeatedly held that "[r]*espondeat superior* liability does not apply to private corporations under § 1983." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Rather, "[t]o recover against Wexford under our current precedent, [Plaintiff] must offer evidence that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Id*. at 796.

Second, the allegations in Plaintiff's proposed FAC largely repeat Plaintiff's original, conclusory claims that Wexford maintains a policy of delaying medical care to inmates, which the Court already found insufficient. And while Plaintiff's FAC now contains

5

new allegations that Wexford's treatment delays and inadequate referral to outside providers are based upon a "cost-cutting" policy, (Doc. 26-1 at 3), those allegations are both speculative and conclusory. *See* A*shcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, Plaintiff's bald allegation that his allegedly deficient treatment was caused by a Wexford policy "to cut medical costs...does not plausibly suggest the existence of such a policy." *Myrick v. Anglin*, 496 Fed. App'x 670, 675 (7th Cir. 2012). Indeed, Plaintiff's bare allegation of a cost saving policy fails to even assert Wexford, rather than the IDOC, is contractually responsible for costs incurred by referring inmates to outside medical providers for treatment.[a] *See, e.g., Peacock v. Rigsby*, 15 C 1884, 2016 WL 1383232, at *3 (N.D. Ill. Apr. 7, 2016) (finding that a lack of factual allegations plausibly establishing that a cost-cutting policy exists or that such a policy could have caused the injury, is insufficient to state a claim under *Monell*).

Third, although Plaintiff asserts Wexford maintains a widespread policy or practice of ignoring prisoners' serious medical issues and not referring them to specialists for timely consultations and treatment, Plaintiff's proposed FAC relies solely on allegations regarding his own singular experience and course of treatment. Doc. 26-1 at 10-12. As this Court correctly noted in its Merit Review Order, an adequate *Monell* claim generally contains allegations of multiple instances of misconduct, including facts regarding the treatment of other inmates. Doc. 7 at 5. In contrast, Plaintiff's proposed

---

[a] Nor is this a mere pleading defect which could be cured by further amendment, as IDOC is currently (and was at the time of the events giving rise to the allegations the Complaint) responsible for all costs for outside medical care.

6

FAC contains only allegations of an isolated instance of misconduct regarding his own medical treatment. These allegations fall short of the requirement that *Monell* claims contain more than one, or even three instances of misconduct. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (declining to adopt a "bright-line rule[ ]" but indicating that there must be "more than one instance, or even three" of wrongdoing).

Likewise, Plaintiff's failure to identify other inmates' experiences with Wexford's alleged policy further illustrates the deficiency in his proposed *Monell* claim, as allegations of a policy or practice that are unsupported by any facts regarding other inmates' experiences and that do not "shed any light" on what the alleged policy might be are insufficient to state a *Monell* claim. *Arita v. Wexford Health Sources, Inc.*, No. 15-cv-01173, 2016 WL 6432578, at *3 (N.D. Ill. Oct. 31, 2016) (dismissing plaintiff's "factually unsupported, boilerplate allegation" regarding a general policy of ignoring inmates' requests for medical attention); *Springs v. Schwarz*, No. 15 C 5437, 2017 WL 4130504, at *4 (N.D. Ill. Sept. 19, 2017).

"District courts have broad discretion to deny leave to amend where there is … repeated failure to cure deficiencies … or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017). Here, Plaintiff has twice sought to bring Wexford into this litigation under a *Monell* theory of liability, but both attempts have failed to meet the pleading requirements for such claims, despite Plaintiff now enjoying the benefit of counsel. Further, the Court should not allow Plaintiff a third opportunity to plead a *Monell* claim against Wexford because it is

7

apparent any further attempts to state a claim against Wexford would be futile. As noted above, each of the factual allegations regarding Wexford's alleged policies and practices relate exclusively to Plaintiff's injury and alleged delay in receiving treatment for his Achilles tendon, rather than multiple instances of misconduct encompassing other inmates' experiences, and Plaintiff's repeated failure to identify and plead specific facts regarding Wexford's alleged "cost-cutting" policy suggests he is unable to do so. Accordingly, this Court should deny Plaintiff's Motion to Amend Complaint.

## CONCLUSION

For the reasons set forth above, Defendant requests this Court deny Plaintiff's Motion to Amend Complaint, and for such further relief as the Court deems just and appropriate.

                                      DR. RODNEY ALFORD, et al., Defendant

                              By:  *s/  Peter R. Jennetten*
                                    QUINN JOHNSTON

Peter R. Jennetten (Illinois Bar No. 6237377)
pjennetten@quinnjohnston.com
QUINN JOHNSTON
227 N.E. Jefferson Ave.
Peoria, IL 61602-1211
(309) 674-1133 (phone)
(309) 674-6503 (fax)

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 22, 2025, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Michael L Gallagher<br>GALLAGHER LAW OFFICES LLC<br>951 Raleigh Road<br>Glenview, IL 60025<br>Email: mlg@gallagherinjurylaw.com | *Attorney for Plaintiff* |
| Kajal Patel<br>Office of the Illinois Attorney General<br>115 S. LaSalle St.<br>Chicago, IL 60603<br>kajal.patel@ilag.gov<br>773-550-9687 | *Attorney for Ginger Davis, Jade Sullivan-Culkin, Nikki Rambo and Katina Joiner* |

                                                 *s/ Peter R. Jennetten*
                                             Peter R. Jennetten (Illinois Bar No. 6237377)
                                             pjennetten@quinnjohnston.com
                                             QUINN JOHNSTON
                                             227 N.E. Jefferson Ave.
                                             Peoria, IL  61602-1211
                                             (309) 674-1133 (phone)
                                             (309) 674-6503 (fax)

4900-9553-5417, v. 2