UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHEAIL WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:24-cv-01410-JEH-RLH |
| | ) |
| | ) |
| RODNEY ALFORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Order**

This cause is before the Court on Plaintiff Micheail Ward's motion for leave to file an amended complaint.

**I**

**A**

Plaintiff has filed the instant motion under Federal Rule of Civil Procedure 15(a)(2), seeking leave to file an Amended Complaint. In support of his motion, Plaintiff notes that he is now represented by counsel. Plaintiff further states that his attorney has obtained his (Plaintiff's) medical records, which are voluminous. Plaintiff argues that the Court should grant leave to him to file his proposed Amended Complaint, which is attached to his motion, so that he may proceed on "a single Amended Complaint at law that will adequately and thoroughly state the relevant facts and allegations as well as detailing the basis for the relief sought." D/E 26.

**B**

Defendant Dr. Rodney Alford objects to Plaintiff's motion. In his response, Dr. Alford notes that, in the Merit Review Order, the Court dismissed Wexford

1

Health Sources, Inc., (Wexford) as a party Defendant because Plaintiff's Original Complaint failed to state a claim against Wexford upon which relief can be granted. Dr. Alford argues that Plaintiff's proposed Amended Complaint fails to cure the defects noted by the Court in the Merit Review Order as it relates to Plaintiff's purported claim against Wexford. As such, Dr. Alford asserts that the Court should deny Plaintiff's motion.

More specifically, Dr. Alford argues that Plaintiff has based his claim against Wexford upon the doctrine of *respondeat superior*, but *respondeat superior* is not a viable legal theory to bring a § 1983 claim against Wexford. In addition, Dr. Alford contends that Plaintiff has, essentially, repeated the allegations against Wexford that he averred in his Original Complaint and that the Court found were insufficient to allow him to proceed against Wexford. Finally, Dr. Alford argues that Plaintiff's allegation that Wexford maintains a widespread policy or practice of ignoring prisoners' serious medical issues and a widespread policy or practice of not referring the prisoners to specialists for timely consultations and treatment cannot satisfy his pleading requirement because the law is clear that allegations regarding a prisoner plaintiff's own singular experience and course of treatment do not state a claim upon which relief can be granted against a private corporation, such as Wexford, under the United States Supreme Court's holding in *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978). Accordingly, Dr. Alford asks the Court to deny Plaintiff's motion for leave to file his proposed Amended Complaint.

## II

### A

Federal Rule 15(a)(2) authorizes the Court to allow amendments to pleadings freely "when justice so requires." *Id*. But the United States Supreme Court has held that a district court may deny leave to amend when the movant

has demonstrated "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

**B**

To proceed with a claim against a private medical corporation (such as Wexford), Plaintiff must allege facts demonstrating that Wexford maintained a policy, custom, or widespread practice attributable to the corporation that caused a violation of his Constitutional rights. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell*). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, 2016 WL 3227310, * 4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

**C**

Here, allowing Plaintiff to file his proposed amended complaint would be futile. Each of the arguments tendered by Dr. Alford as to why Plaintiff should not be allowed to file his proposed Amended Complaint are correct. Therefore, it would be futile to allow Plaintiff to file his proposed Amended Complaint because it would immediately be subject to a successful motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*First*, Dr. Alford is correct that *respondeat superior* is not a viable legal theory upon which to hold Wexford liable in a § 1983 claim. *E.g.*, *Montano v. Wexford Health Servs., Inc.*, 2025 WL 975818, * 1 (N.D. Ill. Mar. 31, 2025) (citing *Shields*, 746

F.3d at 790) ("[T]he law of this Circuit is clear that there is no *respondeat superior* liability under § 1983."). Plaintiff has indicated in his proposed Amended Complaint that he is seeking to hold Wexford liable based upon the doctrine of *respondeat superior*. Plaintiff cannot do so, and therefore, Plaintiff's proposed Amended Complaint fails to state a claim upon which relief can be granted against Wexford.

*Second,* Plaintiff's allegations that Wexford maintained a policy that violated his Constitutional rights are insufficient to allow him to proceed on a claim against Wexford. Like his Original Complaint, Plaintiff's proposed Amended Complaint contains few factual allegations regarding the purpose of Wexford alleged unconstitutional policy, why Wexford enacted the policy, *etc*. Therefore, Plaintiff's proposed Amended Complaint fails to state a claim against Wexford. *E.g.*, Springs v. Schwarz, 2017 WL 4130504, * 4 (N.D. Ill. Sept. 19, 2017) (dismissing *Monell* claim that was "speculative, unsupported by any factual allegations, and contain[ed] no facts regarding other inmates' experiences"); *Young v. Obaisi*, 2015 WL 8013437, * 3 (N.D. Ill. Dec. 7, 2015) (dismissing *Monell* claim based on plaintiff's "highly speculative and extremely vague allegation against Wexford" regarding care only plaintiff received); *Arita v. Wexford Health Sources, Inc.*, 2016 WL 6432578, * 3 (N.D. Ill. Oct. 31, 2016) (dismissing plaintiff's "factually unsupported, boilerplate allegation" regarding a general policy of ignoring inmates' requests for medical attention).

In fairness, Plaintiff does aver in his proposed Amended Complaint that Wexford maintained this alleged unconstitutional policy of delaying medical treatment providing minimal treatment to inmates within the Illinois Department of Corrections as a "cost-cutting" or as a "cost-saving" measure. But Plaintiff's general reference to saving costs does not satisfy Federal Rule 8's plausibility standard. *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) ("One broad,

4

vague statement about an occurrence affecting other inmates in a detention facility does not support the inference of a 'widespread' custom."); *Montague v. Wexford Health Sources, Inc.*, 615 F. App'x 378, 379 (7th Cir. 2015) (holding opinion of plaintiff and other inmates insufficient to establish policy of purposeful delay of medical treatment).

*Third*, Dr. Alford is correct that Plaintiff cannot sufficiently plead, as is required by *Monell*, the existence of a widespread policy or practice of ignoring prisoners' serious medical issues and not referring them to specialists for timely consultations and treatment based solely on allegations regarding his own singular experience and course of treatment. *E.g.*, *Ballard v. Harmston*, 2024 WL 942424, * 5 (N.D. Ill. Mar. 5, 2024) (dismissing widespread practice theory because the plaintiff presented no evidence beyond his own experience); *Winchester v. Marketti*, 2012 WL 2076375, * 4 (N.D. Ill. 2012) ("What is fatal to the *Monell* claims, however, is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity."); *Jones v. Feinerman,* 2011 WL 4501405, * 6 (N.D. Ill. 2011) (dismissing a *Monell* claim because plaintiff alleged deliberate indifference that was limited "only to him"). That is all that Plaintiff has done in his proposed Amended Complaint. Therefore, it would be futile to allow Plaintiff to file his proposed Amended Complaint.

**IT IS, THEREFORE, ORDERED:**

    **1.** **Plaintiff's motion for leave to file an amended complaint [26] is DENIED.**

    **2.** **This matter is referred to United States Magistrate Judge L. Ronald Hanna for the purpose of establishing a Scheduling Order pursuant to Federal Rule of Civil Procedure 16.**

*It is so ordered.*

Entered: May 19, 2025

<u>s/Jonathan E. Hawley</u>

U.S. District Judge