IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

MICHEAIL WARD,

    Plaintiff,

vs.

RODNEY ALFORD, M.D., a Medical Provider at IDOC and Wexford Health Source, Inc.; WEXFORD HEALTH SOURCE, INC., a Medical Provider for Illinois Department of Corrections; GINGER DAVIS, a Healthcare Administrator; JADE SULIVAN-CULKIN, RN, in her capacity as a Corrections Nurse; NIKKI RAMBO RN, in her capacity as a Healthcare Administrator; and KATINA JOINER, in her capacity as a Warden for Pontiac Correctional Center;

    Defendants.

Case No.: 24-cv-1410

**PLAINTIFF'S MOTION TO RECONSIDER THE
RULING OF MAY 19, 2025 DENYING LEAVE TO AMEND COMPLAINT**

Now comes the Plaintiff, MICHEAIL WARD, by and through his attorneys, GALLAGHER LAW OFFICES, and respectfully moves this Honorable Court to reconsider its Order dated May 19, 2025 (Dkt. 30) which denied Plaintiff's Motion for Leave to File an Amended Complaint.

### Introduction

Plaintiff sought to amend the complaint originally filed by pro se litigant, Micheail Ward, on October 22, 2024. Plaintiff acknowledges the Court's ruling denying leave to amend to add a *Monell* claim. Plaintiff does not seek reconsideration of that portion of the Court's order. Rather, Plaintiff seeks leave to file an amended complaint for the limited purpose of adding factual support and naming of appropriate parties as defendants.

### Argument

Plaintiff's request to amend the complaint was made in good faith, with diligence and with

the intention of remedying a pro se pleading by adequately and thoroughly stating the relevant facts and evidence based on the voluminous medical records obtained since the original complaint was filed. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal courts apply this standard liberally, particularly where the amendment is sought in good faith and not for purposes of delay or prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The original complaint was filed on October 22, 2024 by pro se Plaintiff, Micheail Ward. On January 14, 2025, the undersigned attorney filed his appearance on behalf of the Plaintiff (Dkt. 11). Subsequently, counsel for Plaintiff ordered numerous medical records on behalf of Plaintiff Ward that bear on the issues relevant to this matter including, but not limited, the delays in care and treatment for the ruptured Achilles tendon. The proposed first amended pleading incorporates the information obtained from the medical records under Rule 15(a)(2) which is also within the applicable statute of limitations. The proposed first amended complaint seeks to add this factual support to the allegations based on the claims brought by Plaintiff Ward and as borne out in the medical records.

Next, Plaintiff acknowledges the Court's ruling denying leave to amend to add a *Monell* claim. Plaintiff is not seeking review of this portion of the Court's May 19, 2025 order. Rather, the Court conducted a merit review of the original pleading filed pro se by Micheail Ward (Dkt. 7). The Court's accompanying order dated December 9, 2024 stated the court found the original complaint sufficiently stated a claim for acting with deliberate indifference towards Wards medical needs in violation of this Constitutional rights. Further, the order indicated additional claims would be at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.  (Order dated December 9, 2024, p. 5 at ¶1, Dkt. 7).

Here, Wexford Health Source, Inc., was the only party dismissed upon the Court's merit

2

review that was then named as a Defendant in Plaintiff's first amended complaint under Fed. R. Civ. Pro. 15. Wexford is an appropriate defendant on the basis of that it maintained a contract with IDOC to provide medical care to inmates but also had a policy of providing minimal treatment to inmates within the IDOC as a cost cutting measure. (Plaintiff's First Am. Compl., ¶9, 31) (*see also Turley v. Rednour*, 729 F. 3d 645, 649 (7th Cir. 2013) stating the factual allegations are taken as true and construed in a light favorable to the plaintiff).

Plaintiff's proposed amended complaint does not add new claims outside the scope of the original complaint. To the extent that Plaintiff seeks to name Wexford as an individual defendant under Rule 15, it is permissible based on the allegations as plead in the first amended complaint. Further, the proposed amended complaint is well within the applicable two-year statute of limitations and seeks to add factual support to his allegations.

### Conclusion

WHEREFORE, Plaintiff, by and through counsel, prays this Court reconsider its May 19, 2025 Order and grant Plaintiff leave to file a First Amended Complaint, and for such other relief as the Court deems just and proper.

Respectfully submitted,

By:   */s/ Michael L. Gallagher*
MICHAEL L. GALLAGHER

Gallagher Law Offices, LLC
Attorneys for Plaintiff
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
ARDC: 6281432
mlg@gallagherinjurylaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2025, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Peter R. Jennetten<br>Samuel J. Perkins<br>Quinn Johnston<br>227 N.E. Jefferson Ave.<br>Peoria, IL 61602-1211<br>pjennetten@quinnjohnston.com<br>sperkins@quinnjohnston.com | ***Attorneys for Dr. Rodney Alford*** |
| Kajal Patel<br>Office of the Illinois Attorney General 115 S. LaSalle St.<br>Chicago, IL 60603<br>kajal.patel@ilag.gov<br>773-550-9687 | ***Attorney for Ginger Davis, Jade Sullivan-Culkin, Nikki Rambo and Katina Joiner*** |

4