UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHEAIL WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:24-cv-01410-JEH-RLH |
| | ) |
| | ) |
| RODNEY ALFORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Order**

This cause is before the Court on Plaintiff Micheail Ward's motion to reconsider the Court's Order denying his motion for leave to file an amended complaint.

**I**

**A**

Plaintiff has filed the instant motion asking the Court to reconsider its May 19, 205 Order that denied his motion for leave to file an Amended Complaint. D/E 30. Plaintiff argues that the Court erred in denying his motion for leave to file an Amended Complaint because Federal Rule of Civil Procedure 15(a)(2) directs that district courts are to grant leave to amend liberally. Plaintiff notes that his Original Complaint was drafted when he was proceeding *pro se*.  Now that he has counsel, Plaintiff desires to file an Amended Complaint that would "add[] factual support and naming of appropriate parties as defendants." D/E 31. Plaintiff represents that he is not asking the Court to reconsider the portion of the Court's Order that denied his motion and his proposed Amended Complaint with regard to re-adding Wexford Health Sources, Inc. ("Wexford"), as a party Defendant based

upon the United States Supreme Court's holding in *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978).

However, Plaintiff argues that the Court erred in denying his request to re-added Wexford as a party Defendant, which the Court dismissed as part of its Merit Review of his Original Complaint for a different reason. D/E 7; 28 U.S.C. § 1915A. According to Plaintiff, Wexford is a proper party Defendant in this case—not under *Monell*—but "on the basis of that it [Wexford] maintained a contract with IDOC to provide medical care to inmates but also had a policy of providing minimal treatment to inmates within the IDOC as a cost cutting measure." D/E 31. Because his proposed Amended Complaint does not add any new claims that were outside the scope of his Original Complaint and because the re-addition of Wexford as a party Defendant is permissible under Federal Rule 15, Plaintiff asserts that the Court erred in denying his motion, and therefore, he moves the Court to reconsider its Order and, again, asks for leave to file his proposed Amended Complaint.

**B**

Defendant Dr. Rodney Alford objects to Plaintiff's motion to reconsider. According to Dr. Alford, the Court was correct in denying Plaintiff's motion for leave to file his proposed Amended Complaint because allowing him to file his proposed Amended Complaint would be, as the Court noted, futile because the proposed Amended Complaint would be subject to a successful motion to dismiss. Dr. Alford contends that Plaintiff cannot re-add Wexford without asserting a *Monell* claim, and he further argues that the Court correctly determined that Plaintiff's proposed Amended Complaint fails to state a *Monell* claim against Wexford. Accordingly, Dr. Alford asks the Court to deny Plaintiff's motion to reconsider.

2

## II

### A

As Plaintiff correctly notes, Federal Rule 15(a)(2) authorizes the Court to allow amendments to pleadings freely "when justice so requires." *Id*. But as Dr. Alford correctly notes, the United States Supreme Court has held that a district court may deny leave to amend when the movant has demonstrated "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

As the Court explained in its May 19, 2025 Order, allowing Plaintiff to file his proposed Amended Complaint would be futile because he failed to state a *Monell* claim upon which relief can be granted against Wexford. Contrary to his apparent belief, in order to proceed against a private medical corporation (such as Wexford), Plaintiff must allege facts demonstrating that Wexford maintained a policy, custom, or widespread practice attributable to the corporation that caused a violation of his Constitutional rights, *i.e.*, he must proceed on a so-called *Monell* claim against the private corporation. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 786 (7th Cir. 2014) (citing *Monell*). Plaintiff's allegation of a contract between Wexford and IDOC does not satisfy § 1983's personal involvement requirement. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (noting that liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted) (holding that Wexford "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy."). Therefore, this singular allegation does not cure Plaintiff's pleading defect.

Moreover, Plaintiff's contention that Wexford maintained a "policy of providing minimal treatment to inmates within the IDOC as a cost cutting measure" is insufficient to state a *Monell* claim, especially in light of the fact that Plaintiff has admitted that his proposed Amended Complaint does not state a *Monell* claim against Wexford.[1] Accordingly, Plaintiff's attempt to re-add Wexford as a party Defendant is denied.

Finally, Plaintiff asserts that he wants to add additional facts *via* his Amended Complaint.[2] Plaintiff's attempt to do so is curious given the fact that he does not seek to add any new claims or party Defendants in his proposed Amended Complaint. The Court found in its Merit Review Order that Plaintiff's Original Complaint stated a claim against Defendants Dr. Alford, Nurse Sulivan-Kulkin, Nikki Rambo, Ginger Davis, and Warden Joyner for acting with deliberate indifference towards his serious medical need in violation of his Eighth Amendment rights. These Defendants have not filed a motion to dismiss under Federal Rule 12(b)(6), arguing that the facts contained within Plaintiff's Original Complaint fail to state the claim noted by the Court in the Merit Review Order. Therefore, the Court is unsure of the purpose for adding facts to a Complaint at this stage.

---

[1] In his proposed Amended Complaint, Plaintiff alleges that he is attempting to hold Wexford liable based upon the doctrine of *respondeat superior*. As the Court explained in its May 19, 2025, Order, *respondeat superior* is not a viable legal theory upon which to hold Wexford liable in a § 1983 claim. *E.g.*, *Montano v. Wexford Health Servs., Inc.*, 2025 WL 975818, * 1 (N.D. Ill. Mar. 31, 2025) (citing *Shields*, 746 F.3d at 790) ("[T]he law of this Circuit is clear that there is no *respondeat superior* liability under § 1983."). Plaintiff makes no argument as to why he should be allowed to file his proposed Amended Complaint despite containing this glaring pleading deficiency.

[2] Notably, Plaintiff has not submitted a new motion seeking leave to file another proposed Amended Complaint. Instead, Plaintiff seeks to file a proposed Amended Complaint that, by his own admission, contains pleading defects. The Court declines Plaintiff's motion to reconsider for that reason alone.

That being said, if Plaintiff wants to add facts in order to support an additional claim(s) or to add additional Defendants, that is a different issue. By his own admission, Plaintiff's proposed Amended Complaint does neither. Therefore, the Court finds that there is no reason to allow Plaintiff to file his proposed Amended Complaint simply to add additional facts to support his Eighth Amendment claim. Those facts may be developed during discovery and may be presented, as appropriate, on summary judgment or at trial.

**IT IS, THEREFORE, ORDERED:**

1.    **Plaintiff's motion to reconsider [31] is DENIED.**

*It is so ordered.*

Entered: June 27, 2025

s/Jonathan E. Hawley

U.S. District Judge